
Lambda Legal
making the case for equality

January 25, 2017

Honorable Nelson Stephen Román
United States District Judge
300 Quarropas Street
White Plains, NY 10601
*via* fax 914-390-4179 and ECF

Re: Plaintiff's Response to 1/23/2017 Memo Order in *Brown v. Kur, et al.,* 7:16-cv-09118

Dear Judge Román,

Thank you for the opportunity to respond to the 1/23/2017 Memo Order and Defendants'
Request for Pre-Motion Conference.  Lambda Legal represents Yvette Brown in this action
alleging Defendants' unlawful actions due to Ms. Brown's HIV status, including terming her
"criminal" and "disgusting," and treating her such that the New York State Office of
Professional Discipline has already informed him that "while treating Ms. Yvette Brown you
may have been in violation of Regents Rule 29.2(2), intimidating a patient verbally." We
respectfully request that this court deny Defendants' motion for sanctions.

Procedural History
Ms. Brown filed her complaint November 23, 2016.  Prior to service, Defendants requested a
pre-motion conference for a motion to dismiss, but withdrew it. After Defendants' counsel
Jonathan Davidoff filed a notice of appearance, my office twice attempted to serve Defendants'
counsel; his staff refused on 12/27/16 to accept service in his absence, and then he himself on
1/3/2017 refused service on behalf of his clients. Defendants were served January 19, 2017, filed
an Answer that day, and complained to this Court of not having been served.
On December 20, 2016, the same day counsel entered a notice of appearance on this case,
Defendants filed in New York Supreme Court, Westchester County an action for defamation:
*Benjamin Kur v. Yvette Brown and Lambda Legal Index No.* 69208/2016.
On December 28, 2016, I received Defendants' "FRCP Rule 11 Safe Harbor Letter" with a draft
motion and exhibits. Mr. Davidoff inaccurately states that this letter included affidavits from Dr.
Kur's staff to support the motion, when in fact no such affidavits were included. In the Safe
Harbor Letter Defendants made assertions and provided documents purportedly adverse to Ms.
Brown that actually support her claims, including the Office of Professional Discipline letter and
Dr. Kur's emails to the Westchester County Department of Health. Defendants also provided
"Participating Insurances 6.27.2016," which does not refute the allegation that Defendants
receive federal funds.

Defendant's Motion for Sanctions Under FRCP Rule 11 and 28 U.S.C.A. § 1927
Defendants' request for sanctions should be denied.  Ms. Brown's claims properly stand as
warranted by law and non-frivolous. They are based on Ms. Brown's experience and Lambda
Legal's research, and are not made to harass, but rather set forth the legal and factual basis such
that this Court should allow the case to proceed without impediment.

1


Lambda Legal
making the case for equality

Lambda Legal and Ms. Brown filed the Complaint in good faith, based on Ms. Brown's experience in Dr. Kur's office -- which would appear to be supported by materials furnished in Defendants' motion against her, including Defendants' emails to the Westchester County Department of Health in which he states, "The patient blatantly, and criminally did not disclose her status," and "Her ignorance and criminal acts need to be stopped and charged with the utmost allegations and punishment" -- using some of the same language Ms. Brown emphasized in her complaint. Defendants' complaint and emails are evidence of disregard for dental standards for working with patients of any HIV status. Since 1988, professional rules have required treating all patients as if they might have HIV or another blood-borne pathogen. These standard medical rules are known as "universal precautions" (https://www.osha.gov/SLTC/etools/hospital/hazards/univprec/univ.html). Yet Dr. Kur complains repeatedly that he would have treated Ms. Brown differently with knowledge of her HIV status, he admits having contacted authorities to discuss Ms. Brown's file to "prompt an investigation," and in an email to the Westchester County Department of Health ("DOH") he urges the "County Commissioner to stop this patient before someone accidentally contracts the virus." These assertions directly undermine his assertions that he treated Ms. Brown properly.

Defendants ignore the fact that having indeed pulled Ms. Brown's teeth does not insulate them against claims for discrimination if they engaged in threatening or intimidating conduct. (*See* Dep't of Justice, App'x C to Part 36, Guidance on ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and In Commercial Facilities, 28 C.F.R. § 36.206)

Furthermore, the parties contest whether post-surgical pain treatment was properly dispensed, and whether claims under the Rehabilitation Act and ACA 1557 can be maintained based on Defendants' acceptance of federal funding, requiring discovery. Defendants claim insulation by asserting they do not accept Medicare or Medicaid, but their list of insurance accepted includes a multitude of governmental plans, many of which appear to include federal funds. Plaintiff stands ready to request leave to amend the complaint to clarify that the Rehabilitation Act and ACA 1557 claims reference any federal funding within those plans, including but not limited to Medicare and Medicaid, even if it is ultimately shown that Dr. Kur declines Medicare and Medicaid alone. Notably, Ms. Brown's claims under the Rehabilitation Act and Affordable Care Act address precisely the same actions by Defendants and their staff that form the basis of her other discrimination claims. Defendants do not raise any other allegations of wastefulness or additional cost of proceeding with this case if these claims stay in. Defendants' contention that they do not receive payments through federal funds is a question of fact, which should properly be resolved through discovery and further proceedings, not a premature throttling through a motion for sanctions. Ms. Brown deserves her day in court.

<u>Plaintiff's Claims of HIV Discrimination and Violation of State Confidentiality Law</u>

Ms. Brown's claims are not frivolous. Discrimination in treatment includes abusive conduct in the course of the office visit, regardless of whether Ms. Brown received a benefit or not.

2


Lambda Legal
making the case for equality

Lambda Legal's investigation has included not only privileged interviews with our client, but also review of dental records and the above referenced New York State Office of Professional Discipline letter dated August 1, 2016, that warned that Dr. Kur that he may have violated professional rules by intimidating a patient verbally and instructed him to take corrective action.

Defendants further admit contacting the DOH to discuss Ms. Brown's file to prompt an investigation against her. Defendants did not have any authorization to discuss her file or any of her confidential medical information. Defendants admit that they contacted the DOH via telephone and email. Discovery – not assertions in a sanctions motion – will confirm what information was disclosed and is crucial, especially given Dr. Kur's emails and reference to prior phone conversation with government staff (email marked 5/24/16 12:03), the content of which would be explored in discovery. Ms. Brown's claim that Defendants violated state HIV confidentiality law and acted improperly because of her HIV status are patently non-frivolous, and are supported by Defendants' own admissions.

Defendants' legal papers state, "When Dr. Kur questioned Ms. Brown regarding her HIV condition, he did not call Ms. Brown any disparaging names, let alone 'disgusting' or a 'criminal'" -- yet Dr. Kur's apparently contemporaneous email to the DOH says, "The patient blatantly, and *criminally* did not disclose her status," as well as, "Her ignorance and *criminal* acts need to be stopped and charged with the utmost allegations and punishment" (emphases added). In Defendants' exhibits this email is followed by another that says "I have not heard back in two weeks. Why no response to this terrible occurance (sic)?" That message referencing passage of two weeks is curiously presented with the date and time stamp "5/24/16 12:04 pm," just one minute after the first email furnished, thus raising questions that would properly be explored in discovery about what parts of the "email trail" have been excised or altered.

While it may be true that Defendants have showered Ms. Brown and her counsel "with the utmost allegations," those allegations are improper, and the Court ought not to entertain them. We ask that you deny the request to file a Motion for Sanctions under FRCP Rule 11 and 28 U.S.C.A. § 1927 against Plaintiff and Lambda Legal.

Sincerely,

Richard Saenz
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005-3919
Tel 212-809-8585 ext. 218
Fax 212-809-0055
rsaenz@lambdalegal.org

```
┌─────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT   │
└─────────────────────────────────────┘

                              TIME   : 01/25/2017 18:13
                              NAME   :
                              FAX    :
                              TEL    :
                              SER.#  : BROL0J225043

┌──────────────────────────────────────────────────────────┐
│  DATE,TIME                      01/25  18:11               │
│  FAX NO./NAME                   919143904179              │
│  DURATION                       00:01:34                  │
│  PAGE(S)                        04                        │
│  RESULT                         OK                        │
│  MODE                           STANDARD                  │
│                                 ECM                       │
└──────────────────────────────────────────────────────────┘
```



# Lambda Legal
### making the case for equality

Lambda Legal is a national organization committed to achieving full recognition of the civil rights of lesbians, gay men, bisexuals, transgender people and those with HIV through impact litigation, education and public policy work.

## Fax Transmission

To: _HONORABLE NELSON STEPHEN ROMÁN_   From: _RICHARD SAENZ_

At: _SDNY_                               Date: _1/25/2017_

Fax: _914-390-4179_                      Number of pages (including cover page): _____

If you do not receive the entire transmission, please call the number below.   Sender: _RICHARD SAENZ_

Message:

PLAINTIFF'S Response to 1/23/2017 Memo Order

BROWN V. KUR, et al. 7/6cv-09118

- FILED ON ECF

- EMAILED TO COUNSEL FOR DEFENDANTS