

May 5, 2017

The Honorable Paul E. Davison
U.S. District Court for the Southern District of New York

Re:   *Brown v. Kur*, 16 Civ. 9118 (NSR) (PED)—Response to Defendants' April 25 Letter

Dear Judge Davison,

  Defendants' attempts to find fault with Ms. Brown's interrogatory responses fall flat. Despite multiple rounds of meet-and-confer calls, Defendants have refused to demonstrate to Ms. Brown the relevance of the information sought or to show that her objections are improper. Ms. Brown respectfully requests that the Court sustain her objections and deny Defendants' requests.

  **First**, Defendants' letter should be denied as untimely. Ms. Brown served her responses on April 6. Defendants had three business days to attempt an amicable resolution to Plaintiff's objections and, if unable to do so, had five business days after that—or until April 18—to bring the issue to the Court's attention. *See* Dkt. No. 28. By any measure, Defendants' April 25 letter violated these deadlines. **Second**, although Defendants' interrogatories contain multiple subparts, totaling far in excess of Rule 33(a)(1)'s 25-interrogatory limit, Ms. Brown responded to the interrogatories and did not rest on that objection, as a gesture of good faith. **Third**, Defendants dispute Ms. Brown's reference to privilege in her objections to interrogatories seeking insight into her litigation or trial strategy (Nos. 1, 8, 9, 12–14, 20). To such requests, Ms. Brown objected "to the extent that" the request sought privileged material (alongside other objections), but nevertheless provided a response. Defendants' efforts to force Ms. Brown to disclose her trial strategy and witnesses' anticipated trial testimony at the outset of discovery is improper, and Ms. Brown's preservation of the privilege should be sustained. **Fourth**, Defendants improperly ask for the substance of expert testimony in Interrogatories 8 and 9—but both the Scheduling Order (Dkt. No. 31) and Rule 26(a)(2) govern expert discovery. Defendants will have information

about testifying experts when expert discovery is due and are not entitled to discovery of that information before then. **Fifth**, Defendants protest that Ms. Brown refers to other specified documents in her responses. Rule 33(d) *expressly* permits such references, and the Defendants' insistence otherwise should be rejected.

Defendants repeatedly assert that answers are incomplete, but Ms. Brown has provided information based on her good faith knowledge to date. As she told Defendants, responsive information on matters such as damages (Interrogatory 4) is likely in Defendants' possession (for example, information regarding the extent of Defendants' efforts to seek a criminal investigation of Ms. Brown) or requires expert analysis that has not yet been completed. Ms. Brown will, of course, supplement her responses as that information becomes available. With regard to Interrogatory 10, Defendants appear to contend that there is an inconsistency between objecting that the undefined term "statement" is vague and answering subject to a stated definition; to the contrary, doing so demonstrates Ms. Brown's good faith in attempting to provide information even where the interrogatory is objectionable.

Defendants' attempt in Interrogatory 14 to force Ms. Brown to create a detailed catalog of every document that may conceivably dispute any of Defendants' 29 affirmative defenses *before receiving any discovery from Defendants* is improper, but Ms. Brown nonetheless points Defendants to responsive documents she has already identified. As for Interrogatory 15, Defendants muddy the waters by referring to Ms. Brown's "grogg[iness]" *after* her surgery under anesthesia as justification to pry into any unrelated medications, drugs, or alcohol throughout May 2016. The request exceeds any conceivable relevance to this case and intrudes on Ms. Brown's privacy. Finally, Interrogatory 16, which requests Ms. Brown's criminal history, is not limited to matters that would be admissible under Rule 609, and is thus improper.

Sincerely,

*Richard Saenz*

Richard Saenz
Staff Attorney
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005-3919
Tel 212-809-8585 ext. 218
Fax 212-809-0055
rsaenz@lambdalegal.org